**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 09 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN BARRETT, an individual,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>NOLAN GREENUP, an individual; et al.,<br><br>Defendants-Appellees. | No.  15-56313<br><br>D.C. No.<br>8:13-cv-01413-JVS-RNB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted February 7, 2017[**]
Pasadena, California

Before:  SCHROEDER, PREGERSON, and MURGUIA, Circuit Judges.

On September 21, 2011, John Barrett, a student at California State

University, Fullerton ("CSUF"), pulled into a disabled parking spot on campus

without the required placard displayed on his vehicle. Nolan Greenup, a CSUF

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Parking Officer, witnessed Barrett unlawfully park in the disabled spot and approached Barrett to issue a citation. Greenup stepped behind Barrett's car to take down the license plate number.

Barrett began to reverse but noticed that Greenup was blocking his path, so Barrett honked his horn and asked Greenup to move out of the way. Greenup stepped off to the right side of the car, and Barrett continued to back out. As Barrett reversed his vehicle in the direction of Greenup, Barrett felt his tire rise over a slight bump. Barrett stopped his car for a moment, at which point Greenup explained that Barrett's vehicle had run over his foot. Greenup called the police, and two officers responded: Corporal Jose Rosales and his supervisor, Sergeant Peter Dupree. After interviewing Greenup and Barrett separately, Rosales consulted with Dupree and decided to arrest Barrett for violation of California Penal Code § 245(a)(1), assault with a deadly weapon.

Barrett filed claims under 42 U.S.C. § 1983 against Greenup, Rosales, and Dupree (collectively, "Defendants"), alleging arrest without probable cause. Upon Defendants' motion, the district court granted summary judgment against Barrett, concluding that probable cause existed for Barrett's arrest. Barrett appeals the district court's grant of summary judgment, arguing that Defendants lacked probable cause. We affirm.

"We review a district court's grant of summary judgment de novo." *Lowry v. City of San Diego*, 818 F.3d 840, 846 (9th Cir. 2016). "A police officer has probable cause to arrest a suspect without a warrant if the available facts suggest a 'fair probability' that the suspect has committed a crime." *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006).

**1.** First, Barrett argues that Defendants lacked probable cause because there was no evidence that Barrett had a specific intent to harm Greenup. This argument fails because § 245(a)(1) is a general intent crime that "only requires an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another." *People v. Williams*, 29 P.3d 197, 204 (Cal. 2001). Barrett does not dispute that he volitionally reversed his car ("intentional act") and that he was aware of Greenup's presence in the vicinity ("actual knowledge").

**2.** Next, Barrett argues that Defendants did not have probable cause to arrest him because he did not cause any injury to Greenup. This argument fails because "[o]ne may commit an assault without making actual physical contact with the person of the victim . . . whether the victim in fact suffers any harm is immaterial." *People v. Aguilar*, 945 P.2d 1204, 1207 (Cal. 1997).

**AFFIRMED**.

3